**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2012

No. 11-11240
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN HOKE BROOKER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-93-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

John Hoke Brooker challenges his sentence of 63 months in prison, imposed following his guilty-plea conviction to possession of counterfeit obligations, in violation of 18 U.S.C. § 472. Brooker contends that his sentence, an upward departure or variance from the advisory sentencing guidelines range of 24 to 30 months, was substantively unreasonable.

Following *United States v. Booker*, 543 U.S. 220 (2005), our review of sentences is for reasonableness in light of the sentencing factors set forth in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11240

18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). When the district court has imposed a sentence that varies from the guidelines range, reasonableness review requires that we evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth in § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The record indicates that the district court properly considered the § 3553(a) factors. The 63-month sentence reflected the seriousness of Brooker's offense, the need to promote respect for the law, the need to provide just punishment, and the need to protect the public from future crimes. The sentence imposed was reasonable "under the totality of the relevant statutory factors." *United States v. Jones*, 444 F.3d 430, 441 (5th Cir. 2006). Brooker's disagreement with the sentence and the district court's weighing of the § 3553(a) factors is insufficient to show the court abused its discretion. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir.2008). Along that line, the sentence was 33 months above the top of the advisory guidelines sentencing range. Our court has upheld variances considerably greater than the increase to Brooker's sentence. *E.g.*, *United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008); *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005).

AFFIRMED.